UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH C. ELDRIDGE<br><br>    Plaintiff,<br><br>  -v-<br><br>AMERICAN FINANCIAL CREDIT SERVICES, INC.<br><br>    Defendant. | CASE NO.: 1:17-cv-03099<br><br><br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Keith C. Eldridge, for his complaint against American Financial Credit Services, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), stemming from Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business in the Southern District of Indiana and the events and/or omissions giving rise to the claims made herein occurred within the Southern District of Indiana.

### PARTIES

4. Plaintiff, Keith C. Eldridge ("Mr. Eldridge"), is a natural adult person residing in Kirklin, Indiana, and is a "person" and "consumer" as those terms are defined and/or used within the FDCPA and IDCSA.

5. Mr. Eldridge suffers from chronic arthritis in both of his hips and has ongoing medical issues stemming from a stroke and heart attack. Due to his poor health conditions, Mr. Eldridge is unable to work and is currently in the process of applying for disability income through the Social Security Administration.

6. Defendant, American Financial Credit Services, Inc., is an Indiana corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

7. Defendant identifies itself as a "debt collector" in its written correspondences.

8. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

9. Defendant is a "supplier" as that term is defined and/or used within the IDCSA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

### FACTS SUPPORTING CAUSES OF ACTION

11. Due to his inability to work, Mr. Eldridge has been unable to pay some of his medical bills, including a debt he incurred to *Riverview Hospital* ("the Subject Debt").

12. Following default, the Subject Debt was sold, assigned and/or transferred to Defendant for collection.

13. On or around January 3, 2017, Defendant sent a written correspondence to Mr. Eldridge attempting to collect the Subject Debt ("the January Collection Letter"). A copy of the January Collection Letter is attached to this complaint as Exhibit A.

14. The January Collection Letter stated a balance owed of $3,131.17. *See* Exhibit A.

15. On or around February 14, 2017, Defendant sent another written correspondence to Mr. Eldridge attempting to collect the Subject Debt ("the February Collection Letter"). A copy of the February Collection Letter is attached to this complaint as Exhibit B.

16. The February Collection Letter stated a balance owed of $2,858.00. *See* Exhibit B.

17. The February Collection Letter referenced the exact same two (2) account numbers as were referenced in the January Collection Letter. *Compare* Exhibit A with Exhibit B.

18. Confused with respect to the conflicting balance information being reflected in the two (2) collection letters he received from Defendant, Mr. Eldridge called Defendant in or around March 2017.

19. During the call, Defendant represented that Mr. Eldridge owed a total of $6,456.46 to Defendant in connection with six (6) separate accounts: (i) $951.08, incurred on April 1, 2010; (ii) $1,821.66, incurred on April 9, 2010; (iii) $458.32, incurred on December 3, 2010; (iv) $17.40, incurred on April 28, 2011; (v) $350.00, incurred on January 19, 2016; and (vi) $2,858.00, incurred on March 30, 2016.

20. During the call, Defendant's representative proceeded to ask Mr. Eldridge if he was able to set up a payment plan as to the total balance claimed to be owed.

21. During the call, Defendant attempted to collect debts that were time-barred, *i.e.*, fell outside the applicable statute of limitations, without disclosing same to Mr. Eldridge.

22. At no time during the call did Defendant disclose to Mr. Eldridge that at least some of the subject debt alleged to be owed was no longer legally enforceable and that any payment made on the total balance of the debt would refresh the statute of limitations.

23. During the call, Mr. Eldridge also advised Defendant that he had retained an attorney to assist him with handling his outstanding debts and his Social Security disability application.

24. Despite receiving notice from Mr. Eldridge that he was represented by an attorney with respect to the subject debt, Defendant's representative continued to attempt collection of the subject debt from Mr. Eldridge.

25. Mr. Eldridge told Defendant that he could not pay at this time and disconnected the call.

26. Confused and concerned with Defendant's collection activity against him, Mr. Eldridge consulted his attorneys for clarification regarding his rights.

## DAMAGES

27. Plaintiff has been misled and harassed by Defendant's actions.

28. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive and unlawful means in its attempts to collect the subject debt from him.

29. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause him unwarranted economic harm.

30. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

31. After a reasonable time to conduct discovery, Plaintiff believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully, with either the desire to harm him, with knowledge that its actions would very likely harm him, and/or with knowledge that its actions were taken in violation of the law.

32. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692c(a)(2), d, e, e(2)(A) and f

33. All prior paragraphs are incorporated into this count by reference.

34. The FDCPA states, in relevant part:

> "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt, and has knowledge of, or can readily ascertain such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer." 15 U.S.C. § 1692c(a)(2).
>
> "A debt collector may not engage in any conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.
>
> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt." 15 U.S.C. §§ 1692e and e(2)(A).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

35. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A) and f during its phone communication with Plaintiff. By failing to alert Plaintiff as to the time-barred status of the subject debt, or any

portion thereof, while actively attempting to get Plaintiff to make a payment on the alleged balance, Defendant used false, deceptive and misleading means in connection with the subject debt.

36. As an experienced debt collection agency, Defendant knows that the statements it makes to consumers during its debt collection communications have to be true, accurate and complete, especially when time-barred debt is involved. Here, Defendant had the obligation to alert Plaintiff that the subject debt balance, or any portion thereof, was no longer legally enforceable, and that any payment Plaintiff made toward the total balance could operate to refresh the applicable statute of limitations on the subject debt.

37. Defendant violated 15 U.S.C. §§ 1692c(a)(2), d and f when its phone representative continued to attempt collection of the subject debt from Plaintiff after being notified by Plaintiff that she was represented by an attorney with respect to the subject debt.

38. As an experienced debt collection agency, Defendant knows that it is required to cease all communications with consumers who are represented by an attorney.

39. As set forth in paragraphs 27 through 32 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection activity as outlined herein.

### COUNT II
### VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
### *I.C. 24-5-0.5-3(a) and (b)(20)*

40. All prior paragraphs are incorporated into this count by reference.

41. Defendant's collection activity on the subject debt constitutes a "consumer transaction" as that term is defined by the IDCSA at I.C. 24-5-0.5-2(a)(1)(C).

42. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An

6

> act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. 24-5-0.5-3(b)(20).

43. Defendant violated the IDCSA, namely I.C. 24-5-0.5-3(a) and (b)(20), when its phone representative attempted collection of the subject debt from Plaintiff without properly disclosing the time-barred status of the subject debt, or any portion thereof, and the potential effect of a payment made by Plaintiff towards the balance of the subject debt.

44. Defendant also violated the IDCSA, namely I.C. 24-5-0.5-3(a) and (b)(20), when its phone representative continued to attempt collection of the subject debt from Plaintiff after being notified by Plaintiff that he was represented by an attorney with respect to the subject debt.

45. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

46. Defendant intended that Plaintiff rely on its unlawful collection activity in order to procure immediate payment of the subject debt. As such, Defendant committed a "willful deceptive act" as that term is defined, used and/or contemplated within the IDCSA.

47. As set forth in paragraphs 27 through 32 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices.

48. Plaintiff is therefore entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Keith C. Eldridge, respectfully requests that this Court enter judgment in his favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

d) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and/or I.C. 24-5-0.5-4(a); and

e) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 6th day of September, 2017.	Respectfully Submitted,

/s/ *Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                        */s/ Geoff B. McCarrell*
                                        Geoff B. McCarrell #0086427
                                        CONSUMER LAW PARTNERS, LLC